THE STAMFORD TRUST COMPANY, EXECUTOR AND
TRUSTEE, *vs.* DOROTHEA. W. MACK ET ALS.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A testator devised his single piece of real estate, consisting of a city lot
of one hundred and twenty foot frontage with a dwelling-house
upon its south half, to trustees, to hold as a place of habitation,
free of charge, for his nephew and six nieces jointly during their
respective lives, and also gave to such trustees the sum of $1,500,
the income of which, and if necessary the principal, was to be ap-
plied by them to the payment of taxes, insurance and repairs.
The residue of his property the trustees were directed to invest
until.it accumulated to $14,000, and then to pay over the entire net
income to the testator's nephew and nieces in equal shares so long
as any of them should live. Upon the death of the survivor of
them the real estate and the $14,000 fund were to be transferred to
a Lutheran Seminary in trust for the erection of a memorial church
edifice upon the property. The trustees were empowered to sell
and give deeds of conveyance of the entire estate. The testator
died in 1892 and by 1911 the $1,500 had been exhausted in the
upkeep of the dwelling-house and lot, and the taxes thereafter
accruing upon the property were unpaid and the building sadly
in need of repair. In a suit by the trustee for advice as to its powers
and duties in the premises it was *held:*—

1. That it was clearly for the best interests of all parties that the taxes
accrued and accruing upon the real estate should be paid in order
to avoid its sequestration; and that it was the duty of the trustee,
against whom the taxes were presumably and properly assessed,
to pay them, provided the means of payment were at its command.

2. That it was equally the duty of the trustee to pay the cost of in-
surance and of making necessary repairs, and the right of the
nephew and nieces, at least, to insist upon such payment to the
extent of any funds available for those purposes.

3. That the $14,000 fund could not be drawn upon for any of these
purposes, since the testator obviously intended that it should re-
main intact and that the entire income should go to the nephew
and nieces during their respective lives; and that the provision to
this effect was obligatory upon the trustee.

4. That it was, however, competent for the trustee, under the provi-
sions of the will, to sell and convey the northerly part of the prem-
ises, if in its judgment such course was necessary or prudent in

Stamford Trust Co. *v.* Mack.

order to carry out to the fullest practicable extent the purpose and intent of the testator and subserve the best interests of the trust and of the beneficiaries thereunder; and to use so much of the proceeds of such sale as might be necessary in the payment of taxes, and in meeting the cost of reasonable insurance and repairs upon the south portion of the real estate, the unexpended balance to be held by the trustee under the terms of the trust in lieu of the property sold.

Testamentary authority to sell and convey a testator's realty, unless restricted, implies authority to alienate at discretion.

Argued April 11th—decided June 1st, 1917.

Suit to determine the validity and construction of the will of Charles F. A. Mack, of Stamford, deceased, and the rights of the respective parties thereunder, brought to and reserved by the Superior Court in Fairfield County, *Gager, J.*, upon an agreed statement of facts, for the advice of this court.

Charles F. A. Mack died in Stamford in 1892, leaving personal estate, and a single piece of real estate located on Franklin Street in that city. By provisions of his will preceding the seventeenth paragraph he made dispositions of personal estate. The seventeenth, nineteenth, twentieth, twenty-first and the first portion of the twenty-second paragraphs are printed in the foot note.

"Seventeenth: I give and devise to my executors and to their successors, my real estate, including the buildings thereon, situated on Franklin Street in said Stamford, in trust, nevertheless to hold the same as a place of habitation free of charge, for my said nephew and nieces jointly during the term of their natural lives, or so long as they and each of them shall be and remain single and unmarried, and it is my will that if at any time hereafter my said nephew or any of my said nieces shall marry, such use shall thereupon cease so far as such one or ones as shall be married are concerned, but the same shall be enjoyed jointly by such of them as shall remain single and unmarried, and it is my further will and desire that should the wife or husband of such of my said nephew or nieces as shall marry, die leaving them surviving such nephew or nieces shall thereupon be entitled to the use of said premises jointly with the others, in the same manner as if they had never married, and further in case none of my said nieces or my said nephew shall have

By the eighteenth clause the testator authorized the executors to sell and convey a cemetery lot. The last portion of the twenty-second paragraph, with which the will is concluded, deals with the appointment of executors and the choice and authority of their successors. The plaintiff is the successor of the three

remained single and unmarried, or neither of them shall have become widows before the last of my said nieces and my said nephew shall have married, then it is my will, and I hereby give my said executors and their successors the power, in their discretion to continue said use for the benefit of my niece last married or any or all of my said nieces, for the purpose of preventing at all times the invalidation of any policy or policies of insurance now covering or to hereafter cover the buildings upon said real estate, giving to my said executors and to their successors the right to extend and continue such use during the life time of such of my nieces as they (my said executors) may see fit, but upon the death of any of them, said use shall thereupon at once and forever cease, so far as her or their respective husband or husbands are concerned, and in case my said nephew or either or any of my said nieces or all of them, shall take any steps towards the invalidating of this my last will and testament, or shall appeal from or in any way oppose any of the acts of my said executors or their successors in the administration of my estate as herein provided, then I hereby give to my said executors and their successors the power to discontinue such use of my said real estate as is herein given so far as such one or ones as shall in any way oppose or appeal from the administration of my estate, are concerned, and my said executors and their successors shall also have the power, at any time thereafter in their discretion, to renew such use in the same manner as if such use had never been discontinued.

"Nineteenth: In case any apartment in my said dwelling or the whole premises including the barn shall not be needed or occupied by my said nephew or any of my said nieces as hereinbefore provided, then I hereby request and empower my executors and their successors to rent the same temporarily from time to time until my said nephew and all of my said nieces shall have deceased and to invest the income derived therefrom in the manner provided herein for the residue of my estate.

"Twentieth: All the rest, residue and remainder of my estate of whatever kind and wheresoever situated, I hereby give to my said executors and their successors, so as to vest in them the legal estate, but to hold the same in trust, nevertheless, for the following purposes and uses, to wit: to invest the sum of fifteen hundred (1,500) dollars in such manner and upon such security as they may deem best, and to apply the income derived therefrom, or so much thereof as may be necessary,

persons named by the testator as executors and trustees, and by the terms of the will it has all the powers given therein to them.

The Evangelical Lutheran Seminary declined to accept the trust created in the twenty-first paragraph, and the defendant Berges was appointed trustee in its stead. No assets of the estate have ever come into his hands. The $1,500 fund, created pursuant to the

---

and if necessary, at their discretion any or all of the principal sum, towards the payment of all legal taxes levied on my said real estate on Franklin Street aforesaid, and for the continuing of any fire insurance on said buildings, and for such repairs to said buildings, as may from time to time be necessary, and also to keep the entire legal estate from encumbrances of record during the natural life of my said nephew or any of my said nieces, and upon the death of my said nephew and all of my said nieces, it shall be the duty of my said executors or their successors, to transfer said sum or so much thereof as shall then remain, to the Evangelical Lutheran Seminary of Gettysburg, Pa., for the uses and purposes hereinafter directed.

"To invest the balance of said rest, residue and remainder of my estate in such manner as in the opinion of my said executors shall seem best, until the same with the accumulation of interest shall amount to fourteen thousand (14,000) dollars, and thereafter to apply the income thereof, one half annually in equal shares to the use of my said nephew Charles F. Mack and my said nieces Christine C. Schaalman, Catherine A. Mack and Emilie C. Schmidt, or such of them as shall then be living, during their natural life, and one half annually in equal shares to the use of my said nieces Dorothea W. Mack, Anna B. Mack and Effie J. Mack, or such of them as shall then be living, and in the event of the marriage of my said nephew or either of my said nieces, his or her share of said income shall be paid to him or her, for his or her sole and separate use, and in the event of the death of my said nephew or any of my said nieces, the share of such deceased shall be divided among the survivors in equal shares per capita.

"Twenty-First: Upon the death of my said nephew and all of my said nieces, I direct my said executors or their successors to transfer all my estate, both real and personal and wheresoever situated, to the Evangelical Lutheran Seminary of Gettysburg, Penn., and to its successors forever, in trust, to apply a portion thereof, not exceeding the sum of fourteen thousand (14,000) dollars, towards the erection and completion of a church of brick or stone upon my said real estate on Franklin Street in said Stamford, for the use of the Evangelical Lutheran Church and to apply the income of the remainder thereof towards the

twentieth paragraph, has been exhausted in meeting the demands upon it, as provided in that paragraph.

A large sum of money is due for unpaid taxes laid upon the Franklin Street real estate, and the buildings thereon are in great need of repair. The balance of the rest, residue and remainder of the estate referred to in the last portion of paragraph twenty, has been invested, and after accumulation to the amount of $14,000, the income thereof has been paid over from time to time to the nephew and nieces entitled to receive it. The plaintiff now has that fund in its hands. That, and the Franklin Street real estate, comprises the only property of the estate held by it. All six of the nieces are living, four of whom are unmarried. The husband of one the nieces has been absent and his whereabouts unknown for more than seven years.

The Franklin Street lot has a frontage of one hundred and twenty feet. The house is located upon its southerly portion. The northerly portion contains no buildings and is unproductive. The lot is susceptible of division as proposed by the plaintiff. It represents that it would be for the best interests of the estate, and would best promote the interests of the beneficiaries under the trust, that the northerly half of the lot,

---

support of a pastor therefor, and the maintenance of said church, paying over said income in such manner as said Evangelical Lutheran Seminary of Gettysburg, Pa., may deem expedient for such purposes, and I make this bequest and devise upon the express condition that religious services held in said church in said Stamford shall be mainly conducted in the German language, and also upon the condition that there shall be placed over the main entrance to said church a marble slab or tablet, on which shall be conspicuously inscribed, in memory of my mother, the following words: 'In memoriam Lucie Christine Elizabeth Mack.'

"Twenty-Second: I hereby give to my said executors or to such of them as may accept said trust and to the majority of them and to their successors in like manner, the power to sell, invest, reinvest and take charge of my entire estate and to give proper deeds of conveyance therefor and to execute any and all instruments which may be necessary in the premises. . . ."

sixty feet in front, be sold, and the proceeds used as far as necessary in the payment of taxes, and the balance disposed of as the court may direct.

*Warren F. Cressy*, for the plaintiff.

*H. Stanley Finch*, for William J. Berges, trustee, defendant.

*Hugh J. Lavery* and *Lawrence S. Finkelstone*, for Christine Schaalman, defendant.

PRENTICE, C. J.  The plaintiff has in its hands as trustee, under the provisions of a will, a tract of land in Stamford having one hundred and twenty feet frontage and a dwelling-house thereon, and a fund of $14,000.  The trust is not fully executed and the trustee holds no other property of the estate.  A fund of $1,500, left by the testator for the special purpose of paying the taxes which might be levied upon this real estate, and thereby keeping it free from encumbrance during the continuance of the trust, and of defraying the expense of insurance and necessary repairs during such period, has been exhausted.  Already unpaid taxes, covering a period as far back as 1911, have accumulated, and the dwelling is sadly in need of repair.  The trustee has no means at its command to use either in paying the taxes or in making repairs, without a resort to either the principal or income of the $14,000 fund or a sale of the portion of the real estate.  In this situation it seeks the advice of the Superior Court as to the true construction of pertinent portions of the will, and as to its duty and powers in the premises under that construction.

As far as the real estate is concerned, it is apparent that the best interests of all parties concerned demand that all accrued and accruing taxes be paid, and the

property thus be kept free from lien and saved from danger of sequestration. In that way only can the manifest intent of the testator be effectuated, and his purpose saved from defeat. Those to whom the plaintiff is required by the terms of the will to accord the right of occupancy, even though that right were conditioned upon their defraying the expense of carrying the property, would be under no legal obligation to pay the taxes levied, as they presumably and properly were, against the trustee having the legal title and right of possession, and could not be made to do so. It is clear, therefore, that it is the plaintiff's duty as trustee to cause these taxes to be paid, if the means of accomplishing that end are at its command.

The situation, in so far as the insurance and necessary repairs are concerned, is somewhat different. The interest of the defendant Berges as trustee for the Evangelical Lutheran Church, and of that church as *cestui que trust* in having the house insured and preserved in habitable condition, is not, in view of the provisions of the will, so clearly apparent. The nephew and nieces, however, have such interest. Not only that, but under the peculiar terms and provisions of the will they are in a position to successfully claim that it was the testator's expressed purpose that they should have the use of the building as one fit for habitation without charge or expense to them, and that whatever charge or expense might be involved in so maintaining it should be borne by his estate in so far at least as the means to do so were available. The manner of his gift in their favor through the intervention of a trustee, the language used in making it, and the bequest to the trustee for the purpose of paying taxes, defraying the cost of insurance and necessary repairs and keeping the property free from encumbrance, when read together, indicate this. Thus the

plaintiff trustee's duty to make necessary repairs and maintain reasonable insurance is established, assuming, of course, that the means wherewith to perform it are within its reach.

The plaintiff's duty being established, the problem which the trustee has next to face concerns the ways and means. The nephew and nieces, as we have seen, are under no legal obligation to provide them. The same line of reasoning which establishes their right to the use and occupancy of the property in habitable condition without charge for the cost of necessary repairs, also establishes their freedom from moral obligation to do so. Mr. Berges, the trustee who is to receive property of the estate on behalf of the Evangelical Lutheran Church, is likewise free from that obligation. The plaintiff is thus compelled to look to the property of the estate in its hands, which is confined to the real estate and the $14,000 fund.

The latter fund is unmistakably devoted by the testator to the production of income to be paid over to surviving nephew and nieces. It was his evident intent that the fund, when accumulated to the amount specified, should be kept intact and its income enjoyed by them. They were made its beneficiaries, and any appropriation of its income or of its principal (thereby reducing the income) for the payment of taxes, or cost of insurance, or repairs, would be a withholding from them of what was their just due, and as far as the taxes were concerned a clear diversion from them for the benefit of those who are entitled to enjoy the property after they are gone.

Turning to the real estate itself, we find that the trustee is, by the twenty-second paragraph of the will, expressly authorized to sell, and by proper deed of conveyance to convey, any and all portions of the testator's estate. This power to sell and convey is not

one whose exercise is restricted to any emergency. It is unlimited. That it comprehends the real estate, and was intended so to do, is made evident by the testator's language giving authority not merely to sell, but to sell and convey by "proper deeds of conveyance." As the real estate in question was all that the testator owned, this language must have been used with reference to it, and with the purpose of empowering its alienation by the trustees. Authority so given implies authority to alienate at discretion. *Bristol* v. *Austin*, 40 Conn. 438. Evidently, therefore, the testator's purpose, indicated in an earlier paragraph, of preserving it for the erection of a church thereon, was not the foremost one in his mind, nor his direction in that regard absolute and unyielding.

The power of sale is coupled with one to invest, reinvest and care for the proceeds. Quite likely the testator did not anticipate a contingency in which funds, in excess of those specifically provided for the purpose, would be needed to meet expenditures required to be made in furtherance of the best interests of his trust estate, and thought only of investment and reinvestment. But the power of sale as authorized having been exercised, and a portion of the property having been sold, the proceeds would form a part of the trust estate not devoted by the testator to a specific purpose, and available for use in the preservation of the trust property and the conduct of the trust in such a way as to effectuate the testator's intent to the fullest practicable extent.

Our conclusions render it unnecessary to consider the appeal which is made to § 1035 of the General Statutes in support of the authority of the Superior Court to order a sale.

We are of the opinion, therefore, and the Superior Court is advised:—

(1) That the plaintiff has ample power, under the provisions of the will, to sell and convey the northerly half of said premises as proposed, if in its judgment such course is, under existing circumstances, necessary or prudent in order that the testator's purpose, as expressed in his will, may be carried into effect to the fullest practicable extent and the best interests of the trust and of the beneficiaries thereunder be subserved.

(2) That it may use so much of the proceeds of such sale as may be required to pay the taxes already laid, or which may hereafter be laid, upon said real estate in its hands, and also so much thereof as may reasonably be necessary in order that the dwelling-house thereon may be kept reasonably insured and in a reasonably habitable condition; and

(3) That any unexpended balance of such proceeds should be held by it under the terms of the trust in lieu of property sold.

The Superior Court is further advised that it is the plaintiff's duty to continue to pay over the income of the $14,000 fund to the surviving nephew and nieces in the manner and the proportions stated in the twentieth paragraph of the testator's will.

No costs in this court will be taxed in favor of any of the parties.

In this opinion the other judges concurred.